PARKER, PLAINTIFF AND RESPONDENT, *v.* OLLER, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 1, in an Action of Unlawful Detainer in Tenancy at Sufferance.

No. 1133.—Decided July 11, 1914.

PLEADING—JUDGMENT ON THE PLEADINGS.—When the complaint is sufficient of itself and has been verified in the proper manner, it is indispensable that the material allegations thereof have not been specifically denied in the answer and that no new matter has been set up amounting to a contradiction or a legal defense in order that judgment may be rendered on the pleadings on motion of the plaintiff.

UNLAWFUL DETAINER—JUDGMENT ON THE PLEADINGS—EVIDENCE.—When the defendant in an action of unlawful detainer in tenancy at sufferance denies all the material allegations of the complaint and at the first hearing admits having received a letter from the plaintiff notifying him that from a certain

date the permission granted him to occupy a certain lot on which he had built a house would be rescinded and revoked, the admission that he had received such letter is not sufficient upon which to sustain the plaintiff's motion made at the second hearing for the introduction of oral testimony and before the same had been heard for a judgment on the pleadings and evidence.

The facts are stated in the opinion.

*Mr. O. M. Wood* for the respondent.

*Mr. Artemio P. Rodríguez* for the appellant.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal by the defendant, José Oller Díaz, from a judgment rendered by the District Court of San Juan, Section 1, on October 20, 1913, in an action of unlawful detainer, in which judgment it was ordered that the defendant be evicted from the property described in the complaint and that he pay the costs of the action.

The essential allegations of the verified complaint are, in summary, that the plaintiff, Cornelius B. Parker, is the owner of lot No. 201 of the property "El Quinto" situated in the ward of Pájaros of Bayamón, which lot is described in the complaint and that on September 1, 1913, defendant Oller Díaz, without permission from the plaintiff and without any contract, took possession of the said lot and holds the same at sufferance without paying any rental or other consideration therefor, refusing to vacate the same.

The defendant filed a verified answer to the complaint, admitting that the plaintiff is the owner of the lot in controversy, but denying that he is in possession of the same without any title, alleging, on the contrary, that he has been in possession of the property since the year 1905 by virtue of a contract of lease entered into with the former owners of the property and ratified by the plaintiff, which lease he took for the sole purpose of building on the lot, as he did, a one-story frame house with a galvanized iron roof; that the said house is still on the lot and in perfect condition, he having agreed with the plaintiff in the year 1908 to pay him the sum of $1 monthly

as rental, which agreement has not been rescinded or annulled, and that he owes nothing for back rent.

At the first hearing of the case on October 14, 1913, both parties introduced documentary evidence.

The evidence of the plaintiff consists of a copy of a letter which he had written to the defendant on August 27, 1913, notifying him that he needed the lot occupied by the defendant on and after September 1 following and that the permit was rescinded and revoked. The defendant acknowledged having received the said letter.

The evidence of the defendant consisted of the following: (a) A certificate of the secretary of the Municipal Court of Bayamón attesting that on July 15, 1913, the present plaintiff, Cornelius B. Parker, brought an action of unlawful detainer in the said court against José Oller Díaz for failure to pay the rental of the lot in question since July 1, 1911, amounting to $2.50, the plaintiff alleging that up to the date of the complaint the defendant had paid only the first three monthly instalments, which action was dismissed; (b) three receipts showing that the defendant had paid the plaintiff rent for the lot as follows: $2 to August, 1909, $3 to August, 1910, and $12 from July, 1910 to May, 1911.

Both parties offered oral testimony and October 20, 1913, was the day set for the second hearing; but before the said evidence was introduced the plaintiff made a motion for judgment in his favor on the pleadings and the evidence, on the ground that the defendant admitted all the essential allegations of the complaint when he acknowledged the receipt of the notification of August 27, 1913, to the effect that the plaintiff needed the lot on and after September 1 following and that the permit was rescinded and revoked. The court sustained the motion over the objection of the defendant and rendered judgment in favor of the plaintiff in the terms heretofore stated.

We are of the opinion that the court erred in sustaining the said motion of the plaintiff and in rendering judgment in

the terms in which it did. In his answer to the complaint, instead of admitting the principal allegation of the plaintiff to the effect that he held possession of the lot at sufferance, defendant Oller Díaz positively denied the same, alleging that he held possession under a lease, and that allegation was corroborated by the copy of the letter which the plaintiff addressed to him on August 27, 1913, stating that he needed the lot on and after September 1 following and that the permit was rescinded and revoked.

"* * * a judgment on the pleadings may be rendered, on motion of the plaintiff, when the material allegations of the complaint, which is sufficient in itself and verified by oath, are not denied specifically by the answer, and no new matter is set up constituting a defense." *Horton et al.* v. *Robert,* 11 P. R. R., 168.

These requisites are not present in this case, therefore the judgment appealed from is contrary to the foregoing doctrine.

And it cannot be contended that by virtue of the letter which the plaintiff introduced in evidence and which the defendant admitted having received, the allegation of the plaintiff that the defendant held possession of the lot at sufferance was proven, because, apart from the fact that the latter did not expressly admit that he held the lot at sufferance, it would result that the case was decided, not only on the pleadings, but also on the evidence, and as the oral evidence, the examination of which was set for the same day on which the motion was made, was not introduced, although the defendant did not waive its introduction, the case could not be decided on the merits of the pleadings and the evidence.

For the foregoing reasons the judgment appealed from should be reversed and a new trial granted.

> *Judgment reversed and case remanded for new trial.*

Justices Wolf, del Toro, Aldrey, and Hutchison concurred.